IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brent Christopher McLaurin, Jr., also known as Brent Christopher McLauren, Jr., | C/A No. 6:21-3936-JFA-KFM |
| Petitioner, | |
| v. | **ORDER** |
| Warden McCormick Correctional Institution, | |
| Respondent. | |

## I.     INTRODUCTION

Petitioner Brent Christopher McLaurin, Jr. ("Petitioner"), proceeding *pro se*, has filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this matter was referred to the Magistrate Judge.

On May 18, 2022, Warden McCormick Correctional Institution ("Respondent") filed a Motion for Summary Judgment along with a memorandum of law in support. (ECF No. 23). On May 19, 2022, the court advised Petitioner of the summary judgment procedure and the possible consequences if he failed to respond via an order issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975) on the following day. (ECF No. 24). On September 1, 2022, Petitioner filed a Response in Opposition (ECF No. 35) to Respondent's Motion, and on September 8, 2022, Respondent filed a Reply. (ECF No. 37).

1

The Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report") and opines that this Court should grant Respondent's Motion for Summary Judgment and dismiss the Petition. (ECF No. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this court incorporates those facts and standards without a recitation.

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus

requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

Petitioner was advised of his right to object to the Report, which was entered on the docket on October 25, 2022. (ECF No. 38). Petitioner filed objections to the Report on November 30, 2022 (ECF No. 42) to which the Respondent filed a Reply on December 14, 2022. (ECF No. 45). Additionally, Petitioner filed two Motions to Amend or Correct (ECF Nos. 43 &44) his previously filed Petition, and Respondent has filed a consolidated Response in Opposition. (ECF No. 46). Thus, this matter is ripe for review.

## II.     LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A material

fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of material fact is "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248–49.

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). All inferences must be viewed in a light most favorable to the non-moving party, but he "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

## III.    DISCUSSION

After careful review of the Report and Recommendation, Petitioner's objections and the record on summary judgment, this Court finds the Magistrate Judge comprehensively addressed the issues and correctly concluded that Respondent's Motion for Summary Judgment should be granted, and Petitioner's petition should be dismissed. Additionally, this Court also denies Petitioner's Motions to Alter or Amend his Petition. This Court will address each pending Motion in turn below.

**a. Petitioner's § 2254 Petition**

In his Petition, Petitioner raises a single ground for relief. He asserts that the State did not prove he was guilty of the charges asserted against him beyond a reasonable doubt. Specifically, he argues the State failed to prove he entered the bank on the date of the robbery because only one witness testified, he entered the bank. The Report recommends granting Respondent's Motion for Summary Judgment finding Petitioner's sole claim for relief is procedurally defaulted precluding relief, and even if not procedurally defaulted, his claim fails because cannot demonstrate actual innocence to entitle him to habeas corpus relief. Although the factual and procedural background of this matter was recited thoroughly in the Report, this Court will briefly summarize Petitioner's background to provide context for its findings.

Petitioner is presently incarcerated at McCormick Correctional Institution in the South Carolina Department of Corrections. In June of 2014, a Pickens County Grand Jury indicted Petitioner for Grand Larceny (2014-GS-39-0499), entering a bank with the intent to steal (2014-GS-39-0497), and armed robbery (2014-GS-39-0498). Petitioner proceeded to trial *pro se* with former counsel, John W. DeJong serving as standby counsel. Prior to trial, the assistant solicitor for the Thirteenth Judicial Circuit dismissed the armed robbery charge. A jury convicted Petitioner on his remaining charges of grand larceny and entering a bank with the intent to steal. Petitioner was sentenced to thirty years for entering a bank with the intent to steal and to ten years for grand larceny, with the two sentences running concurrently. As set out in the Report, Petitioner has exhausted his state court remedies and his Petition is timely.

A state prisoner who challenges matters "adjudicated on the merits in State court" can obtain federal habeas relief only if he shows that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). The state court's application is unreasonable if it is "objectively unreasonable, not merely wrong." *White v. Woodall*, 572 U.S. 415, 419 (2014). Meaning, the state court's ruling must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). Moreover, state court factual determinations are presumed to be correct, and Petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

First, the Report concludes Petitioner's claim is procedurally defaulted because he failed to raise it in a motion for a directed verdict at trial which is the issue preserving action for challenging the sufficiency of evidence in South Carolina. *State v. Burton*, 589 S.E.2d 6, 9 (S.C. 2003). Petitioner does not object to the Report's conclusion on this basis. In his response in opposition the instant motion, Petitioner concedes that he did not make

a directed verdict motion at trial and this his ground for relief is procedurally defaulted. (ECF No. 35).

Notwithstanding the foregoing, a federal court may consider claims that have not been presented to the highest South Carolina court with jurisdiction in very limited circumstances. First, a federal court will review a procedurally defaulted claim if the petitioner can demonstrate cause for the default and actual prejudice therefrom, and second, a petitioner can rely on the doctrine of actual innocence. *Coleman v. Thompson,* 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

Petitioner does not attempt to argue cause and prejudice in his Objections to the Report or in his Response in Opposition to Respondent's Motion for Summary Judgment. Instead, he repeatedly argues in both filings that the evidence presented at trial was insufficient to support his conviction. Because Petitioner did not object to the Report's conclusion on this basis and has failed to demonstrate cause and prejudice for his failure to move for directed verdict during his trial to preserve his challenge to the sufficiency of evidence presented against him, this Court must adopt the Report's finding that Petitioner's claim is procedurally defaulted. Therefore, Respondent's Motion is granted on this basis.

Notwithstanding its procedurally barred status, the Report considers whether Petitioner's claim would succeed on the merits. Petitioner contends the State failed to prove that he was the individual who entered the bank on the day of the robbery. Petitioner's argument is a challenge to the sufficiency of evidence proving he was guilty of the charges asserted against him beyond a reasonable doubt. The Report cites to the standard set forth in *Jackson v. Virginia* which provides a petitioner is "entitled to habeas corpus relief if it

is found upon the record evidence adduced at trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." 443 U.S. 307, 324 (1979). A federal court must view the evidence in the light most favorable to the State, and when faced with evidence that allows conflicting inferences, the federal court must presume the jury resolved such conflicts in the State's favor. *Id.* at 326. Ultimately, the Report concludes Petitioner's claim fails because Petitioner cannot show that no rational trier of fact could have found proof beyond a reasonable doubt that he was guilty of the charges against him.  This Court agrees.

Petitioner submitted eleven numbered objections to the Report's conclusion on this basis. However, Petitioner's objections are reiterations of his arguments from his Response in Opposition to the instant Motion. Petitioner reasserts the State had insufficient evidence to prove he entered the bank on the date of the robbery. But Petitioner's objections fail to offer a specific reference to the Report which would allow the undersigned to focus on any issue, either factual or legal, with which Petitioner feels has been reached in error. In summation, Petitioner's objections are that he disagrees with the Report's recommendation. "Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007). Because Petitioner has failed to offer any specific objections which would allow for a *de novo* review, this Court is only required to review the Report for clear error and is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

To the extent any of Petitioner's arguments could constitute specific objections, they are overruled. Petitioner failed to show that no rational trier of fact could have found proof

beyond a reasonable doubt that he was guilty of the charges against him. The most compelling evidence of Petitioner's guilt is his statement to law enforcement after the robbery. As stated in the Report, Petitioner basically confesses to law enforcement by vouching for the innocence of the young men he travelled to Pickens County with on the day of the robbery by stating that these young men "at no period ever planned, conspired to commit the crime of bank robbery or any other crime with me." (TR. 403). Further, the record reveals the testimony of several witnesses who saw Petitioner walking near the subject bank around the time of the robbery. Although Petitioner takes issue with one eye witness' testimony which he argues is "highly questionable," this Court lacks the ability to redetermine the credibility of witnesses whose demeanor has been observed by the state trial court. *Wilson v. Ozmit,* 352 F.3d 847, 858-859 (4th Cir. 2003). Accordingly, this Court finds a rational trier of fact could have found proof of Petitioner's guilt as to both charges asserted against him beyond a reasonable doubt.

Therefore, this Court grants Respondent's Motion on this basis and finds Petitioner is not entitled to habeas relief because his claim is procedurally defaulted, and he failed to show that a rational trier of fact would not have found proof beyond a reasonable doubt of his guilt.

**b. Petitioner's Motions to Amend or Correct his Petition Pursuant to § 2254**

Plaintiff has filed two Motions: "Motion by Plaintiff – to Join additional party defendants and to file supplemental complaint" (ECF No. 43) and "Motion by Plaintiff – to drop defendant or Sever." (ECF No. 44). Respondent filed a consolidated Response in Opposition to his Motions (ECF No. 46) and, Petitioner did not file a Reply.

 A § 2254 petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Under those rules, "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

In this case, Petitioner filed his Motions to Amend more than 21 days after Respondent filed its Motion for Summary Judgment and thus, Rule 15(a)(2) applies to the instant Motions. Under this standard, the United States Supreme Court has held that reasons to deny leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, ... undue prejudice to the opposing party ..., [and] *futility of amendment." Foman v. Davis,* 371 U.S. 178, 182 (1962) (emphasis added).

In his Motions, Petitioner seeks to amend his Petition to dismiss Respondent, Warden McCormick Correctional Institution and add the state of South Carolina as a party. Additionally, Petitioner seeks to include events which he alleges have occurred since the

10

filing of his Petition which he claims relate to his initial claim. However, Petitioner does not explain the events he is referring to or how they relate to his initial claim.

Respondent argues an amendment at this stage would be unduly prejudicial as the Magistrate Judge has already issued a ruling on the Petition in the Report and Respondent has responded in full to the Petition and Petitioner's Objections to the Report. Further, Respondent argues the amendments sought by Petitioner would not relate back to the original Petitioner, and therefore, would be untimely. *See Keller v. Prince George's Cnty.,* 923 F.2d 30, 33 (4th Cir. 1991) ("if the statute of limitations has expired on [a] claim…, leave to amend would be futile unless the amendment relates back to the original [pleading]." This Court agrees with Respondent's arguments and finds that Petitioner's proposed amendments would be unduly prejudicial, futile, and untimely. Petitioner filed the original Petition over a year ago on December 6, 2021 and has not sought to amend his Petition until after the Report recommended dismissing it. Petitioner's Motions appear to be an attempt to take another bite of the apple after the Report recommended dismissing the Petition.

Respondent argues it would suffer prejudice if Petitioner is allowed to amend his Petition because it has already fully responded to Petitioner's filings. This Court agrees. Respondent would have to wait for Petitioner to file his amended Petition, and then, draft a second response to such Petition based on Petitioner's additions or alterations.

Finally, even assuming Petitioner's Motions were timely and would not prejudice Respondent, this Court could still not grant his Motions because his proposed amendments would be futile. Petitioner's claim initial claim is procedurally defaulted such that the

11

addition of any "new events" that Petitioner seeks to include would not save his claim. And, as Respondent points out the replacement of the Warden of McCormick Correctional Institution with the state of South Carolina would not save his Petition because the Warden is the proper party. Rule 2, *Rules Governing Section 2254 Cases in the United States District Courts* ("(a) Current Custody; Naming the Respondent. If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody.").

Therefore, Petitioner's Motions to Amend his Petition are denied.

## IV.    CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report and Recommendation (ECF No. 38). Thus, Respondent's Motion for Summary Judgment (ECF No. 23) is granted, and Petitioner's habeas petition (ECF No. 1) is dismissed with prejudice. Additionally, Petitioner's Motions to Amend or Correct his Petition are denied. (ECF Nos. 43 & 44).

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1]

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000);

IT IS SO ORDERED.

January 12, 2023                                  Joseph F. Anderson, Jr.
Columbia, South Carolina                          United States District Judge

---

*Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In the instant matter, the Court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."